WEIMER, J.,
concurs.
hi write not to point out what, in my view, the law should be, but to reiterate that judicial decisions should be guided by the rule of law. Judges take a solemn oath to support the rule of law, not to decide cases based on what a judge personally believes the law should be.
No constitution or court case can command or convince someone to love, or not love, another. Neither the law generally, nor this case specifically, is capable of dictating such personal matters. Understandably, some people who share relationships founded on a commitment characterized by love and affection wish to solemnize that relationship. Some view the law as an obstacle to solemnizing their relationships; others view the law as a means for preserving a wide range of *623 social values. Those viewpoints have collided in this case.
By 77.78 percent of those voting,[1] the Louisiana Constitution was amended[2] in 2004 to express a belief that marriage was restricted to different genders. A complementary civil code provision had been unanimously enacted by both the | ¡Louisiana House of Representatives and Senate.[3] How a vote on those provisions would be resolved if held today or next year or a decade from now would be rank speculation. Citizens are empowered to change the laws while working within our system of democracy, and judges are duty bound to follow the rule of law.
In Louisiana’s civil law system, judges are bound to follow the law as written by the legislature and must follow custom when legislation is silent. See La. C.C. arts. 1-3. The Louisiana Constitution is the foundation of our state’s system of laws, but both the Constitution of Louisiana and the codal and statutory provisions of Louisiana must yield to the United States Constitution as interpreted by the United States Supreme Court.[4]
The apparent and rapid shift in public sentiment on the issue before us has been profound. However, the role of the judiciary is not to weigh shifting public sentiment at any given moment, but to be steadfast in following the law duly enacted by the people and/or their representatives. Nevertheless, in a federal system, a state judge’s obligation is to follow the law as dictated by a majority of the United States Supreme Court.[5] Whether or not this matter should be a judicial decision by the federal or the state judiciary or an issue resolved by legislatures at the state level is ultimately at the heart of the matter and was vigorously debated by the majority and dissenting justices in the 5-4 decision rendered in Obergefell v. Hodges, 135 S.Ct. 2584, 2015 WL 2473451 (United States 2015). The ramifications of this decision will likely continue to resonate.

. See http://staticresults.sos.la.gov/09182004/ 09182004_Statewide.html.

. See 2004 La. Acts 926, § 1, approved September 18, 2004, effective October 19, 2004, which added La. Const, art. XII, § 15.

. See 1999 La. Acts 890, § 1, which amended and reenacted La. C.C. art. 3520.

. The dissent in this matter, which cites no constitutional provisions or legislation or jurisprudence or evidence or facts, consists of ruminations untethered to any support.

. See, e.g., Danforth v. Minnesota, 552 U.S. 264, 289, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008) (indicating that a United States Supreme Court decision ''providing] remedies for federal constitutional violations” as a "rule of federal law” is binding because "presumably the Supremacy Clause in Article V of the Federal Constitution would require all state entities — not just state judges — to comply with it.”).